Gilmore, J.
No questions were raised upon the pleadings. The only exception taken to the rulings of the court of common pleas was to the overruling of the motion for a new tidal, in which the grounds relied on were, (1) that the verdict was against the evidence, and (2) that it was contrary to law.
Unless the court of common pleas erred in overruling this motion, the district court did not err in affirming the judgment.
As one ground of recovery, the plaintiff alleged in his petition that he was injured by the negligence of the engineer of the engine that was on the turn-table at the time the injury occurred, and under whose orders, as his superior, he alleged he was acting at the time. Upon this there was an entire failure of proof, and it is laid out of the case.
Another ground of recovery set up was, that the defendant was negligent in failing to keep a watchman to prevent collisions between engines on the turn-table and those moving on the wood-shed track. But the testimony shows that the plaintiff' was fully aware at the time he accepted the employment that such á watchman had never been employed by the defendant. The absence of such a watchman was, therefore, one of the risks that the plaintiff as- *484 Burned in accepting the employment, and in the absence of exceptions showing the contrary, it must be assumed that the jury was properly instructed by the court on this point, and that the verdict for the plaintiff was not given on this ground.
The remaining ground of recovery relied on in the language of the petition is as follows“ That said railroad company, defendant, itself, was and is guilty of gross negligence and carelessness in constructing said track and turntable in such a manner that when an engine is standing on said turn-table, its pilot projects over said track.”
The answer denied all negligence on the part of the defendant below, and alleged that the plaintiff accepted the employment with full knowledge of all the facts and risks incident to his employment on the turn-table, and was not himself free from contributory negligence at the time of the injury.
Only two questions are presented on the record-for consideration: First, Was the railroad company guilty of negligence in the construction and continued use of the track and turn-table? If so, then, second, Was the plaintiff below chargeable with having negligently contributed to his own injury? Under the circumstances of this case we think both questions were properly submitted to the jury, without saying that the first was necessarily so submitted.
As to the first, the testimony shows that when the track and turn-table were first constructed, many year’s ago, they were so relatively situated to each other that the engines then in use could be placed upon the table and handled without any danger of a collision with an engine on the track. The testimony farther shows that some eight years' before the injury complained of occurred, the defendant below commenced introducing and using larger engines on its road, and that when one of these was on the table, it was so long that its pilot projected beyond the rim of the tables and across one of the rails of the track when headed toward it, and that a majority of the engines in use at the time of the injury wei’o of the large pattern.
*485 Some sixty engines had to be turned upon the table every twenty-four hours, and a greater number during the same period passed to and fro upon the track, over which the pilot of the engine being handled might have to pass. The testimony further shows, or at least tends to show, that owing to the relative situation of the track and turn-table to each other, and the uses to which they were respectively put, and the frequency with which they were used, the operating of the turn-table was rendered dangerous to the servant employed upon it at the time of the injury.
When the first large engine was placed upon the turntable, the testimony tends to show that the servant operating the table incurred some risk, which was increased by every additional engine of the large class that the railroad company brought into use, and required to be handled on the turn-table.
If this rendered the operating of the turn-table dangerous to the employe, it was the duty of the railroad company to have made such corresponding changes in the track and turn-table, as would have rendered the handling of the larger engines reasonably safe to the employe; and if the company was negligent in not making such changes, and the injury complained of was the result of such neglect, the liability of the company is the same as if the machinery had been negligently and defectively constructed originally. This principle is recognized in Gilman v. Eastern Railroad Co., 13 Allen, 433.
The general principle of law is that where a servant is employed on machinery, from the use of which danger may arise, it is the duty of the master to take due care, and to use all reasonable means to guard against and prevent any defects from which increased or unnecessary danger may occur. Clark v. Holmes, 7 Hurlst. and Norm. 937.
The testimony further shows that the danger could have been, and, since the accident complained of occurred, has been, entirely obviated, by enlarging the turn-table, and removing the track farther from it.
There was no error in leaving it to the jury to say *486 whether the defendant- below was or was not gnilty of negligence in the consti'uction and coxxtinued use of the track and turn-table; nor can we say that the testimony did not wax’rant the finding of the jury.
Second. Was the plaintiff below chax’geable with negligence contributing to his own injury?'
The testimony shows that he knew of the proximity of the turn-table and wood-shed track, and knew that whexx a lax’ge engine was on the table, headed toward the track, its pilot projected over one rail of the track, over which he knew that engines were constantly passing; axxd it may be infen’ed that he knew that there was a liability that air engine on the track might collide with oxxe on the table; axxd yet the plaintiff’ below may have been ignorant that such a collision would probably expose him to danger of personal injury; axxd it can xxot be said that he was chargeable with negligence in reference to a matter of which he was ignorant.
The rule of law applicable in such a case is, that where thex’e are risks of a special nature, in an employment of which the employe is xxot cognizant, or which are not patent in the work, it is the duty of the employer specially to notify him of such risks; and, on failure of such xxotice, if he is hurt by exposure to such risks, he is entitled to recover from the employer, in all cases where the employer either was cognizant or ought to have been cognizant of the risks. Wharton on Negligence, sec. 206; Williams v. Clough, 3 Hurlst. and Norm. 258; Malone v. Hawely, 46 Cal. 409.
The plaintiff below was injured by being struck by the crank at which he was working, the motion of which was suddenly and forcibly reversed by the collisioxx. He was not a skilled mechanic. Indeed, he had but very little knowledge oix the subject, oxxtside of what was necessary to the disehax'ge of the duties of his employment, which were quite simple. The risks to which he was exposed were consequential axxd special ixx their nature, and hot patent.
*487 No one notified him of the risks, although the officers of the defendant knew, or ought to have known, of their existence.
On this point, the plaintiff testified as follows: “Before the accident, I knew of no accident or danger in tending the table; nobody told me there was clanger there whore I stood, or that they had seen any danger; and I thought that was the safest work I could be engaged in, and did not see any danger in standing at that crank.” Other witnesses, who had been employed on the same turn-table, testified to substantially the same effect.
There is a strong probability of the truth of the plaintiff’s statement. It is not probable that he had ever reasoned upon the consequences of a collision, such as that by which he was injured; and if he had attempted to reason on the subject, with his limited knowledge'of mechanical forces, he would have been excusable, in view of some of the testimony on the subject, if he had reasoned himself into the conclusion that, in such a collision, the engine upon the turn-table would prevail over the one upon the track, and that the motion of the crank at which he was working would continue unaffected by the shock.
But be this as it may—whether the plaintiff did or did no.t understand and appreciate the danger of working at the crank by which he was injured, was a question peculiarly for the jury. Wharton on Negligence, sec. 217; Mellors v. Shaw, 1 Best and Smith, 437; Clark v. Holmes, 7 Hurlst. and Norm. 937; Coombs v. New Bedford Cordage Co., 102 Mass. 502.
Here, again, it must be assumed that the court gave to the jury proper instructions o'n this point; and while there is some conflict in the testimony, we can not say that the verdict of the jury is manifestly against the evidence.
The judgment of the district court is affirmed.

Judgment accordingly.